UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ADAM SCOTT MILLER,<br>　　　Plaintiff, | )<br>)<br>) | |
| v. | ) | NO. 2:12-CV-40 |
| UNITED STATES OF AMERICA,<br>　　　Defendant. | )<br>)<br>) | |

# **O R D E R**

This Federal Tort Claims Act ("FTCA") complaint is before the Court to address a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by the United States, [Doc. 7], on the grounds that the Court lacks subject matter jurisdiction over plaintiff's claim for malicious prosecution and/or unlawful arrest because the claims are barred by the discretionary function exception. Although the plaintiff seeks damages for unlawful arrest, he did not identify his cause of action as one for unlawful arrest, [Doc. 1], and did not plead any of the elements for unlawful arrest, *i.e.*, in Tennessee, the tort of false imprisonment. The plaintiff has responded to the defendant's motion to dismiss,[Doc. 9], the government has replied, [Doc. 12], and this case is ripe for disposition.

The plaintiff specifically alleges in Paragraph 1 of his complaint [Doc. 1]:

> 1. This is a claim by Plaintiff, Adam Scott Miller, for malicious prosecution against the United States of America for the actions of one of its agents.

In Paragraph 4, the plaintiff alleges:

> 4. On or about January 5, 2010, Adam Miller was arrested by Mike Commons and charged with conspiracy to distribute and to possess with the intent to distribute Oxycodone, a Schedule II controlled

substance.[1]

In Paragraph 8, the plaintiff contends:

> 8. Mr. Miller avers that Mike Commons instituted a criminal proceeding against him, and that such proceeding was terminated in Mr. Miller's favor: that the criminal proceeding brought against Mr. Miller was done so without probable cause, and with malice, and that therefore, the United States of America, by reason of its agent, Mike Commons, is liable to Mr. Miller for malicious prosecution.

In Paragraph 9, the plaintiff also contends:

> 9. As a consequence of the unlawful arrest, Plaintiff has endured tremendous pain and suffering, has incurred medical and legal expense, been embarrassed and humiliated, for all of which he seeks compensatory damages from Defendant Mike Commons.[2]

Thus, the plaintiff pleads a cause of action for malicious prosecution, yet claims damages for "unlawful arrest." It should also be noted that the plaintiff is not proceeding *pro se*.

In support of his response, the plaintiff has submitted a redacted superseding indictment out of Case No. 2:09-CR-84 in of this court, a transcript of a recording of a telephone conversation between a confidential source and "Adam Miller," the affidavit of Janine Broyles with the W-2 of Adam Miller and the driver's license of Adam Scott Miller attached, and the order dismissing the indictment against the plaintiff Adam S. Miller without prejudice on July 19, 2010.

## I. ANALYSIS

### A. Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject matter

---

[1] The Court notes that the criminal file which contains the indictment and the arrest warrant for the plaintifft, Case Number 2:09-CR-84, show the plaintiff was initially indicted by the government, represented by Assistant United States Attorney Caryn Hebets, on August 11, 2009, [Doc. 3], and then in a superseding indictment on October 14, 2009, [Doc. 17]. As a result of the original indictment, an arrest warrant was issued for Adam S. Miller on August 12, 2009, and he was arrested by Deputy United States Marshal Marcus Ball on January 5, 2010. [Doc. 123].

[2] Mike Commons is not named as a defendant in this case.

jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir.2005). "A *facial* attack is a challenge to the sufficiency of the pleading itself" and "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "A *factual* attack, on the other hand, is ... a challenge to the factual existence of subject matter jurisdiction." *Id.* at 598. With a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).

The plaintiff bears the burden of proving that jurisdiction exists. *Gorno Bros.,* 410 F.3d at 881; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). If the plaintiff fails to meet his burden of proving jurisdiction, a motion to dismiss must be granted. *Davis v. United States,* 499 F.3d 590, 594 (6th Cir.2007). The case at bar involves a factual attack as the existence of subject matter jurisdiction with respect to the malicious prosecution claim, and a facial attack with respect to the "unlawful arrest claim"; therefore, the submission of affidavits and documents is proper to resolve disputed jurisdictional facts in regard to plaintiff's malicious prosecution claim.

Under the "discretionary function" exception, sovereign immunity is retained where the alleged negligence consists of flaws in the government's performance of a discretionary function or duty. *See Graves v. United States,* 872 F.2d 133, 137 (6th Cir.1989). If the discretionary function

exception applies, a dismissal for lack of federal subject matter jurisdiction is appropriate. *See Rich v. United States,* 119 F.3d 447, 449 (6th Cir.1997), *cert. denied,* 118 S.Ct. 1364 (1998).

Two conditions must be met for the discretionary function or duty exception to apply. *Rich,* 119 F.3d at 450. A court must first find that the action involved was a matter of choice for the federal employee. *Id.* "[C]onduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz by Berkovitz v. United States,* 486 U.S. 531, 536 (1988). This first condition means that the discretionary function exception should not apply if there is a federal statute, regulation, or policy specifically prescribing a course of conduct or action for the federal employee. If there is no such prescription, the employee must exercise judgment and some protection should be provided for this exercise. *Rich,* 119 F.3d at 450. Under the second condition, the "court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield." *Berkovitz,* 486 U.S. at 536. "In sum, the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Rich,* 119 F.3d at 450 (quoting *Berkovitz,* 486 U.S. at 537).

It is clearly settled that a plaintiff can invoke jurisdiction under the FTCA "only if the complaint is facially outside the exceptions [set forth in the FTCA]." *Carlyle v. Dept. of the Army,* 674 F.2d 554, 556 (6th Cir.1982); *see also Sharp v. United States,* 401 F.3d 440, 443 n. 1 (6th Cir.2005). The burden is on plaintiff to plead sufficiently to demonstrate that the discretionary function exception does not apply. *Hatcher v. U.S.*, 855 F.Supp.2d 728, 731-732 (E.D.Tenn.2012). If the discretionary function exception applies and there is no other waiver of the government's sovereign immunity, then the court lacks subject matter jurisdiction over the plaintiff's FTCA claims. *Sharp,* 401 F.3d at 443.

**B. Malicious Prosecution**

Plaintiff contends that the government's discovery revealed that the plaintiff was not the correct Adam Miller[3] and that Agent Commons knew that Adam S. Miller was not the person who should have been arrested. These allegations are based upon the facts established in a recorded telephone call that the Adam M. Miller who was being investigated as a member of an oxycodone conspiracy worked at Numan's bar and lived with his parents on Sinking Creek Road.[4] However, the plaintiff Adam S. Miller was indicted in spite of this evidence even though he never worked at Numan's bar and his parents never lived on Sinking Creek Road.

Courts are generally in agreement that determinations of when, whether, and how to investigate or prosecute are discretionary functions because they result from balancing policies of enforcement and future compliance. *Anderson v. Johnson,* 1999 WL 1023753 at *2 (6th Cir. 1999) (citing *Sutton v. U.S.,* 819 F.2d 1289, 1294-95 (5th Cir.1987)); *General Dynamics Corp. v. U.S.,* 139 F.3d 1280, 1284 (9th Cir.1998); *Sloan v. U.S. Dept. of Housing and Urban Development,* 236 F.3d 756, 760 (D.C.Cir.2001). Prosecutorial decisions as to whether, when and against whom to initiate prosecution are typical examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception. *Gray v. Bell,* 712 F.2d 490, 513 (D.C.Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). *See also Wright v. United States,* 719 F.2d 1032 (9th Cir.1983); *Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967).

---

[3] Adam M. Miller was indicted in Case No. 2:10-CR- 73 on July 13, 2010, prior to the dismissal of the indictment in Case No. 2:09-CR- 84 against Adam S. Miller on July 19, 2010.

[4] In point of fact, the telephone call that was recorded does not establish that Miller lived with his parents on Sinking Creek Road. In this call, Adam Miller merely asks if the Confidential Source knows where Cherokee Road is and then if he knows where Sinking Creek Road is.

The plaintiff attempts to circumvent this rule by focusing on Agent Commons's conduct in investigating and reporting evidence to Assistant United States Attorney Caryn Hebets ("AUSA Hebets"). In effect, the plaintiff argues that the discretionary function exception does not apply in this case because the conduct in question is Commons's alleged improper investigation rather than AUSA Hebets's decision to prosecute him.

As a preliminary matter, the Court notes that whether or not Commons acted negligently is irrelevant to the issue of whether the discretionary function exemption shields his conduct. In other words, if the challenged conduct is of the nature and quality that Congress intended to protect, then the discretionary function exception applies even if the decision-maker acted negligently. *See Rosebush v. United States,* 119 F.3d 438, 442 (6th Cir. 1997); *Myslakowski v. United States,* 806 F.2d 94, 97 (6th Cir.1986), *cert. denied,* 480 U.S. 948 (1987); *Graves v. United States,* 872 F.2d 133, 137 (6th Cir.1989).

In this case, the plaintiff's alleged injuries for unlawful arrest flow directly from the prosecutor's decision to seek an indictment against him. Although AUSA Hebets prosecuted the plaintiff at least in part based on Commons's investigation, it was her decision whether, when and against whom to initiate prosecution. Although the plaintiff focuses on Commons's conduct in compiling the evidence which was submitted to the prosecutor, Commons's alleged negligence and/or improper investigation is not severable from AUSA Hebets's decision to prosecute. *Sloan,* 236 F.3d at 761-62 (holding that there was "no meaningful way in which the allegedly negligent investigatory acts could be considered apart from the totality of the prosecution" in part because "[t]he complaint does not allege any damages arising from the investigation itself, but only harm caused by the suspension to which it assertedly led." (quoting *Gray,* 712 F.2d at 516); *Fisher Bros. Sales, Inc. v.*

*U.S.,* 46 F.3d 279, 282 (3rd Cir.1995).

Accordingly, the Court finds that the discretionary function exception shields the government's conduct in this case, and the Court lacks jurisdiction over the plaintiff's FTCA claim for malicious prosecution.

### C. Unlawful Arrest Claim

In his complaint, plaintiff alleges no facts that would support a cause of action based upon unlawful arrest because the plaintiff fails to demonstrate that the discretionary function exception does not apply, that is, the plaintiff fails to allege that the defendant violated a federal statute, regulation, or policy specifically prescribing the defendant's course of conduct or action. Because the plaintiff's complaint does not facially show that his arrest was outside the discretionary exceptions of the FTCA, the plaintiff cannot invoke jurisdiction under the FTCA.

Even if the plaintiff had demonstrated that the defendant violated a federal statue, regulation or policy in regard to plaintiff's arrest, his cause of action would fail because he has failed to assert the elements of a cause of action for unlawful arrest, which is the tort of false imprisonment in Tennessee. The elements of the tort of false imprisonment are: (1) The detention or restraint of one against his will, and (2) the unlawfulness of such detention or restraint. See T. P. I. 8.10 citing *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656 (Tenn. 1990), *Newsom v. Thalhimer Bros., Inc.*, 901 S.W.2d 365 (Tenn. App. 1994). The plaintiff has failed to allege why his arrest by Deputy United States Marshal Marcus Ball pursuant to an arrest warrant issued by the Clerk of the court was unlawful. The fact that he may have been wrongfully indicted due to a misidentification does not automatically render his arrest unlawful because there was a facially valid arrest warrant.

### D. Discovery

Plaintiff wishes to pursue discovery to establish that a federal statute, regulation, or policy specifically prescribing a course of conduct or action was involved. However, this ignores the plaintiffs duty to plead sufficiently to demonstrate that the discretionary function exception does not apply. Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate the claim. It is a defense to the burdens of litigation, not just the burdens of liability. "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 411 (1982). Therefore, the plaintiff's request to pursue discovery is **DENIED**.

## II. CONCLUSION

For the reasons set out herein, the defendant's Motion to Dismiss is **GRANTED**, [Doc. 7], and the plaintiff's complaint is **DISMISSED**.

So ordered.

ENTER:

<pre>                              s/J. RONNIE GREER
                         UNITED STATES DISTRICT JUDGE</pre>